No. 17760—Susan Pope, Admx., v. A. A. Mudge and the Maryland Casualty Co. Error to the Court of Appeals of Cuyahoga county.

**VERDICT—(1) Error to direct verdict against plaintiff, if some evidence to support petition—(2) Motion to direct should be overruled, when court is required to consider conflicting evidence.**

ROBINSON, J.

1. It is error for the court to direct a verdict against the plaintiff, where, by giving to the evidence the most favorable interpretation toward him which any of the evidence will reasonably warrant, there is some evidence tending to support the allegations o fthe petition.

2. If, in ruling upon a motion to direct a verdict, the court is required to detect the truth from conflicting evidence of the some or different witnesses, the motion should be overruled.

Judgment reversed.

Marshall. C. J., Wanamaker, Jones, Matthias, Day and Allen, JJ., concur.

No. 17781—M. E. Walls v. Thomas L. Mitchell et al. Error to the Court of Appeals of Fulton county.

**CHARGE TO JURY—Error not to be predicated upon a special request, made before argument, when bill does not show requested charge was given.**

ROBINSON, J.

Where a bill of exceptions shows that a special request was made to charge before argument. but does not disclose that the request charge was given, error cannot be predicated upon such requested charge.

Judgment reversed.

Marshall, C. J., Wanamaker, Jones, Matthias, Day and Allen, JJ., concur.

No. 17638—State of Ohio v. Paul Sabo.

No. 17639—State of Ohio v. Paul Sabo.

No. 17640—State of Ohio v. Mike Vuckavich.

No. 17641—State of Ohio v. Mike Vuckovich.

No. 17642—State of Ohio v. John Klein. Error to the Court of Appeals of Crawford county.

**SEARCH WARRANTS—(1) Inadvertent omission to strike out of warrant one of inconsistent provisions, as to time of service, under 13485 GC., does not invalidate the writ—(2) Countrabrand liquors, taken under such a writ, may be used in evidence.**

MARSHALL, C. J.

1. Where a search warrant is issued in attempted conformity with Section 13485, General Code, and the magistrate employs a printed form containing the following language, "these are therefore to command you in the name of the state of Ohio together with the necessary and proper assistnace to enter in the day time (or in the night time) . . .," and inadvertently omits to strike out either of the inconsistent provisions as to the time of service, and the service is in fact made in the day time, the execution of the writ is not thereby rendered invalid.

2. A search and seizure made pursuant to a writ thus irregular in form in furtherance of the enforcement of the Crabbe act, resulting in the seizure of contrabrand property, is valid, and such contra-

brand property thus found many lawfully be introduced in evidence on the part of the state.

Judgments reversed.

Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., cnocur.

No. 17702—The City of Akron v. T. Melvin Butler. Error to the Court of Appeals of Summit county.

**MUNICIPAL LAW—Action for negligence of a servant of a municipality—Failure to prove nature of service—Verdict for defendant to be directed.**

ROBINSON, J.

Where the plaintiffs in an action against a municipality to recover damages for personal injuries caused by the negligence of a servant of the municipality fails to offer any evidence tending to prove that the servant at the time was engaged in the performance of a proprietary function of the mmunicipality, as distniguished from a governmental function delegated by the sovereign state, a motion to direct a verdict at the close of the plaintiff's case should be sustained.

Judgment reversed and judgment for plaintiff in error.

Marshall, C. J., Jones and Matthias, JJ., concur. Wanamaker and Day, JJ., dissent.

No. 17280—The Village of Vinton et al v. L. C. James. Error to the Court of Appeals of Gallia county.

**ORDINANCES—(1) Provisions of 4224 GC. for reading on three different days are to be strictly followed—(2) Failure of village clerk to properly record action of council, not to invalidate a sidewalk assessment, when plaintiff has acquisced, when.**

ALLEN, J.

1. The provisions of Section 4424, General Code, that no by-laws, ordinance or resolution involving the levying of a tax shall be passed unless it has been fully and distinctly read on three different days, and that with respect to any such by-law, ordinance or resolution there shall be no authority to dispense with this rule except by a three-fourths vote of all members elected thereto, taken by yeas and nays on each by-law, ordinance or resolution and entered on the journal, are mandatory and must be strictly followed.

2. When, as a matter of fact, all the provisions of Section 4224 of the General Code in relation to the passage of a sidewalk ordinance and resolution have been literally complied with by the council of the municipality, but the village clerk has failed properly to record the action of council, and plaintiff has acquiesced in the construction of a sidewalk in front of his porperty at public expense in accordance with such ordinance and resolution, which sidewalk, specially benefits plaintiff's property, plaintiff is not entitled to an injunction against the sidewalk assessment on the ground of the invalidity of the ordinance and resolution, the council not having had a reasonable opportunity to make the record theretofore omitted by the clerk.

Judgment reversed.

Marshall, C. J., Wanamaker, Robinson, Jones, Matthias and Day, JJ., concur.